IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIJAH HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:25-cv-01678-X (BT) |
| | § | |
| DALLAS POLICE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Elijah Harris seeks leave to proceed *in forma pauperis* (IFP) in this *pro se* civil action. *See generally* IFP App. (ECF No. 4). For the reasons stated, the Court should deny Plaintiff's motion for leave to proceed IFP and dismiss his case without prejudice unless he pays the $405.00 filing fee within 30 days of an order accepting this recommendation.

**Legal Standard and Analysis**

A federal district court may authorize a person to bring a civil action IFP—that is, without the prepayment of fees—when the person submits an affidavit establishing he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). The goal of this provision is to allow access to federal courts for litigants who lack the financial resources to pay any part of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must examine the financial condition of the applicant to determine whether the payment of fees

would "cause undue financial hardship." *Id.* "This entails a review of other demands on individual plaintiff's financial resources, including whether the expenses are discretionary or mandatory." *Id.* The Court may require a plaintiff to complete a financial affidavit in support of a motion to proceed IFP. *Nottingham v. Warden, Bill Clements Unit,* 837 F.3d 438, 439-40 (5th Cir. 2016). Further, the court may "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden,* 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022), *rec. accepted* 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

Here, Plaintiff received approximately $5,000 each month from his employment from March 2024 until March 2025. IFP App. at 2. Since then, Plaintiff claims that he has earned about $4,500 each month from self-employment. *Id.* at 1. Plaintiff also holds $2,100 in a business bank account. *Id.* at 2.

Based on the information provided, the Court cannot conclude that payment of the $405.00 filing fee would cause Plaintiff undue financial hardship. Plaintiff receives a substantial monthly income. This income places him well above the federal poverty threshold for a two-person household in Texas. *See* OFFICE OF THE ASSISTANT SECRETARY FOR PLANNING AND EVALUATION, *HHS Poverty Guidelines for 2025,* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited November 17, 2025).

Plaintiff's claimed expenses do not exceed his income—resulting in a reported gross monthly surplus of $210. *See* IFP App. at 1, 4–5. But even allowing

2

for taxes from the gross income number, the Court finds that Plaintiff can pay the filing fee. Even if Plaintiff's claimed expenses exceed his net income, this does not indicate that payment of the filing would cause Plaintiff undue hardship.

First, it appears that at least some of Plaintiff's expenses are discretionary and/or excessive. This includes $600 in motor vehicle installment payments, $300 for motor vehicle insurance, $200 for clothing, $150 for transportation, and $100 for laundry and dry cleaning. IFP App. at 4. Such expenses do not support waiver of the filing fee. *See* Dobbins v. Kroger Co., 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"); LeBlanc v. Rodger's L. Firm PLLC, 2025 WL 2263723, at *1 (N.D. Tex. July 1, 2025) (Rutherford, J.), *rec. adopted*, 2025 WL 2256718 (N.D. Tex. Aug. 6, 2025) (treating expenses for motor vehicle installment payments and insurance as excessive and discretionary); Cantrell v. Hollander, 2013 WL 12129250 (N.D. Tex. Nov. 15, 2013), *rec. accepted* 2013 WL 12129251 (N.D. Tex. Dec. 18, 2013) (treating expenses for clothing as discretionary); Hobbs v. Stanley, 2022 WL 1510936, at *1 (W.D. Tex. Apr. 14, 2022) (treating expenses for transportation as discretionary); Newton v. BBVA/PNC Bank, 2024 WL 3862795, at *1 (N.D. Tex. May 15, 2024) (Rutherford, J.), *rec. adopted*, 2024 WL 3869431 (N.D. Tex. Aug. 19, 2024) (treating expenses for laundry and dry cleaning as discretionary).

Second, Plaintiff states that he is unable to pay the filing fee because he is single father for a two-year-old child. IFP App. at 5. While the Court understands

that serving as a single parent can be burdensome, the Court finds that Plaintiff has adequate assets to pay the $405.00 filing fee and other costs of this suit.

## Recommendation

The Court should DENY Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) and dismiss his case without prejudice unless he pays the $405.00 filing fee within 30 days of an order accepting this recommendation.

Signed November 20, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*, *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).